IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER HICKS**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13 C 989 |
| | ) | |
| **BARRY CLARK**, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Defendants have just filed their Answer to the Second Amended Complaint ("SAC") brought against them by Christopher Hicks. This memorandum order is issued sua sponte because of one puzzling aspect of that responsive pleading and because one pervasive type of response contained in that pleading calls for brief comment.

First, the Answer itself is followed by a package of seven affirmative defenses ("ADs") purportedly tendered by Elysia Childs and Gloria Bean, but neither of them is named as a defendant in the SAC. Accordingly all of the ADs are stricken.[1]

As for the Answer itself, it is chock full of invocations of the Rule 8(b)(5) disclaimer that the rulemakers have made available to defendants who are unable, in the required subjective and objective good faith called for by Rule 11(b), to admit or deny a plaintiff's allegations as

---

[1] If the naming of those nondefendants was just a hiccup on defense counsel's part, with her intention having been to advance those ADs on behalf of actually-named defendants, counsel should not simply correct that oversight and leave the ADs as is. Each of them requires careful scrutiny to assure their compliance with Fed. R. Civ. P. ("Rule") 8(c) and the case law construing and applying that rule -- and see also App'x ¶ 5 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 279 (N.D. Ill. 2001).

Rule 8(b)(1)(B) otherwise requires. It is entirely understandable that under the extraordinary circumstances of this action (which assert that a now 39-year-old plaintiff was the victim of physical and psychological abuse during his youth -- when he was from 4 to 8 years of age) to advance such disclaimers as to many of the SAC's allegations. That does not appear however to be the case as to all of the SAC Answer's paragraphs in which the disclaimers are employed, and this Court trusts that defense counsel will reexamine the Answer with care and proffer any amendments that may appear to be required.

                                                Milton I. Shadur
                                                Senior United States District Judge

Date:  February 26, 2014