# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER HICKS**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13 C 989 |
| | ) | |
| **BARRY CLARK**, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

This Court has just received bulky Answers filed on behalf of two of the many defendants in this action -- Brodie Westbrooks ("Westbrooks") and Elmira Wright ("Wright") -- in response to the Second Amended Complaint ("SAC") brought by plaintiff Christopher Hicks ("Hicks"). This sua sponte memorandum order is prompted by two problematic aspects of that responsive pleading, one reflecting a degree of some thoughtlessness on the part of defense counsel and the other attributable to a patent misapplication of one of the Federal Rules of Civil Procedure ("Rules").

As to the first of those items, it is easy in these days of electronic duplication to spit out lengthy pleadings for different defendants (in this instance, the two Answers to Hicks' 7-count, 86-paragraph SAC) with the aid of electronic reproduction and very little human thought. But to do so disregards the burden thrust on the reader -- whether a plaintiff's counsel or this Court or anyone else -- in having to go through some 40 pages rather than 20 pages to see just where the defendants share common cause or may part company in their response. Just think of how simple (except for a little added thought) it would have been to provide a single answer for both Westbrooks and Wright, containing identical responses where appropriate and some responses

that differed in part.  This Court candidly acknowledges that defense counsel's very different usage compelled it to eschew, as it almost never does, a reading and study of the Westbrooks Answer -- hence the detailed discussion in this memorandum order adverts only to the Wright Answer.[1]

What is more troubling in substantive terms is the distortion caused by counsel's having responded to nearly all of the SAC's allegations (see Answer ¶¶ 1-6, 9-13, 15-54, 56-62, 64-66, 73-75, 81, 82 and 84-86) with disclaimers permitted by Rule 8(b)(5) where neither an admission or a denial is appropriate as normally called for by Rule 8(b)(1)(B),[2] then impermissibly following those multiple disclaimers of the corresponding SAC allegations by adding "and, therefore, denies them."  It is of course oxymoronic for a party to assert (presumably in good faith) that she lacks even enough information to form a <u>belief</u> as to the truth of an allegation, then proceed to <u>deny</u> it.  Because such a denial is at odds with the pleader's obligations under Rule 11(b), the quoted language is stricken from each paragraph of each Answer that employs that impermissible locution.

There are also some problematic aspects of the Affirmative Defenses that follow the Answer itself, but this memorandum order will not essay any views on that score.  That task will be left to Hicks' counsel.

_[signature]_
_____
Milton I. Shadur
Date:  March 31, 2015            Senior United States District Judge

---

[1]  Although this Court might well send defense counsel back to the drawing board to produce a more reader-friendly pleading, it has no desire to retaliate in that fashion.

[2]  No assessment has been attempted here as to the extent to which those disclaimers may not be permissible under the subjective and objective good faith demanded by Rule 11(b).