IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **CHRISTOPHER HICKS**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 13 C 989 |
| ) | |
| **BARRY CLARK**, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

During the course of yesterday's combined status and motion hearing this Court was puzzled by the litigants' respective responses to its suggestion that leave be granted to file plaintiff's proposed Third Amended Complaint ("TAC"). After the hearing this Court's secretary printed out the case docket entries from mid-March 2015 to the current date, and this Court saw that on March 26 plaintiff's counsel had timely filed a reply in support of that motion but had violated LR 5.2(f) by failing to deliver the Judge's Copy of that document to this Court's chambers -- either then or thereafter. It is unclear just why that omission occurred -- perhaps it was somehow (and inexplicably) linked to the fact that the two defendants targeted in the proposed TAC had filed their responsive joint pleading to the Second Amended Complaint ("SAC") on that same date. But the reason for noncompliance is really irrelevant -- what is significant instead is that the motion for leave to file has in fact been fully briefed.

This Court has consequently had plaintiff's eight-page reply memorandum printed out and finds it (and plaintiff's motion) persuasive. Accordingly leave is granted to file the TAC, and counsel for the parties are ordered to file their responsive pleadings on or before May 12, 2015.

In the preparation of those responsive pleadings, this Court expects counsel to apply common sense, both to save themselves extra work and to spare the reader the chore of having to go through each pleading as though it were a not-previously-reviewed original document. Hence it will be entirely satisfactory for parties against whom no new allegations are made to elect to have their prior responsive pleadings stand, while defendants against whom allegations are added by the TAC may incorporate by reference their responsive pleadings to the SAC's unchanged allegations, supplemented by a response to the newly-added allegations. And finally, the need to file responsive pleadings to the TAC also causes the denial as moot -- but without prejudice to the possible renewal to the extent applicable to the TAC -- of (1) plaintiff's previously-filed motion to strike the latter defendants' affirmative defenses to the SAC and (2) those defendants' need to respond to that motion (previously ordered to be filed by May 1).

_____
Milton I. Shadur
Senior United States District Judge

Date: April 21, 2015